IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | Case No.: GJH-15-70 |
| | | GJH-17-493 |
| | * | |
| **ADRIAN CARLOS WASHINGTON,** | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Defendant Adrian Carlos Washington, who is 44 years of age, is currently serving a sentence at FCI Fort Dix based on convictions for Possession with Intent to Distribute Controlled Substances and Felon in Possession of Ammunition in GJH-15-70 and Conspiracy to Distribute Controlled Substances in GJH-17-493. Pending before the Court is Mr. Washington's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 50, 58.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Mr. Washington's Motion is denied.

**I.    BACKGROUND**

On June 18, 2015, in GJH-15-70, Mr. Washington pleaded guilty to Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846, and Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g). ECF Nos. 30, 32.

---

[1] Identical filings related to the pending motion were made in GJH-15-70 and GJH-17-493. Unless specifically noted otherwise, references to the docket are to GJH-15-70.

1

Attached to the plea agreement was a statement of stipulated facts describing the conduct supporting Mr. Washington's plea of guilty. ECF No. 32-1.

The stipulation states that on February 10, 2015, law enforcement executed a search warrant on a condominium unit belonging to Defendant. *Id*. at 1. During the search, law enforcement seized 2,969 grams of cocaine, 26.9 grams of cocaine base, an assortment of narcotics processing and packaging paraphernalia, and $32,000 in United States currency. *Id*. Law enforcement also seized ammunition and firearm paraphernalia including, but not limited to: two Glock 17 gun boxes and four Glock 17 gun magazines, one 50-round high capacity magazine and one 30-round high capacity magazine loaded with ammunition, a box of ammunition, a Glock speed loader and a bullet-proof vest. *Id*. Defendant acknowledged that he possessed the ammunition in furtherance of his drug trafficking activities. *Id*. at 2.

Defendant's sentencing hearing was held on November 3, 2015. ECF No. 43. Based on an offense level of 23 and Defendant's criminal history score placing him in criminal history category I, the Court determined that Defendant's advisory sentencing guidelines range was 46 to 57 months, but that the quantity of narcotics involved triggered a five-year mandatory minimum sentence. ECF No. 45 at 1. The Court sentenced Defendant to a total of 60 months incarceration. ECF No. 44 at 2. The Court additionally imposed a four-year term of supervised release. ECF No. 44 at 3.

On July 19, 2018, Defendant pleaded guilty in GJH-17-493 to Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. GJH-17-493, ECF Nos. 77, 78. The allegations in this action involved activities taking place prior to the entry of Defendant's guilty plea in GJH-15-70, but which were not fully discovered until later. GJH-17-493, ECF No.

146 at 2–3. Specifically, in an agreed statement of facts supporting the plea in GJH-17-493, the parties stipulated that, in addition to the activity he pleaded guilty to in GJH 15-70, Defendant had conspired with other drug traffickers and that at least two kilograms of cocaine were reasonably foreseeable within the scope of Defendant's agreement to participate in the conspiracy. GJH-17-493, ECF No. 78-1.

Sentencing in this matter took place on November 29, 2018. GJH-17-493, ECF No. 149. Based on an offense level of 33 and Defendant's criminal history score placing him in criminal history category I, the Court determined that Defendant's advisory guideline range for this conviction was 135 to 168 months. GJH-17-493, ECF No. 151 at 1. The Court sentenced Defendant to 62 months and ordered the sentence to begin immediately and run concurrently to the undischarged term of imprisonment in GJH-15-70. GJH-17-493, ECF No. 150 at 2. In total, considering the portions of the two sentences that overlapped and ran concurrent to each other, Defendant was sentenced to serve a total of 99 months of imprisonment on the two cases. GJH-17-493, ECF No. 223 at 1.

On June 1, 2020, Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 50. On January 14, 2021, counsel for Defendant filed an Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the Court views as a supplement to Defendant's *pro se* filing. ECF No. 58. The Government filed an Opposition on February 9, 2021, ECF No. 60, and Defendant filed a Reply in support of the motion on February 18, 2021, ECF No. 62. Defendant filed an additional supplement to the motion on March 3, 2021. ECF No. 63.

## II. DISCUSSION

Asserting that he has a short period of time remaining on his sentence, has been a model prisoner, and was at serious risk of contracting COVID-19 due to an outbreak at his facility, Mr. Washington moves for a reduction in his sentence for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 58. The Court reviews the framework applicable to Defendant's request before assessing whether Defendant has satisfied its requirements.

### A. Governing Provisions

Recently modified by Section 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5238 (2018), 18 U.S.C. § 3582(c) bars courts from modifying terms of imprisonment once imposed unless certain conditions are met. *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). In relevant part, § 3582(c)(1)(A) provides that:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1).

A complementary provision, 28 U.S.C. § 994(t), provides that the U.S. Sentencing Commission, "in promulgating general policy statements regarding the sentencing modification

4

provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See United States v. Decator*, No. CCB-95-0202, 2020 WL 1676219, at *2 (D. Md. Apr. 6, 2020). The Commission has provided this description at § 1B1.13 of the U.S. Sentencing Guidelines, which states in relevant part that:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> . . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 further details the Commission's understanding of "extraordinary and compelling reasons," which includes if a defendant has been diagnosed with a terminal illness or other serious physical or medical condition, is above the age of 65 and is in deteriorating health due to aging, has experienced certain extenuating family circumstances, or if "[o]ther [r]easons" arise that have been "determined by the Director of the Bureau of Prisons" to be "extraordinary and compelling reason[s] other than, or in combination with, the reasons described" in the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(D). The Bureau of Prisons ("BOP") has offered its determination in a Program Statement numbered 5050.50 and titled

5

"Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)."[2]

Judges in this district and elsewhere have found, however, that § 1B1.13 and its Application Note are inconsistent with the First Step Act. As Judge Chuang of this Court recently explained in *United States v. Mel*, while § 1B1.13 "identifies certain specific scenarios under which a sentence reduction could be warranted, it nevertheless permits a reduction based only on meeting the broad category of 'extraordinary and compelling reasons'" as determined by BOP. No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(D)). Judge Chuang reasoned, however, that "[s]ince the First Step Act changes the law to allow a compassionate release reduction to be granted by the Court without input from the BOP, the pre-First Step Act references in the policy statement to determinations by the BOP are outdated and not binding." *Id.* Similarly, in *United States v. Decator*, Judge Blake held that "[w]hile Sentencing Commission and BOP criteria remain helpful guidance, the amended § 3582(c)(1)(A)(i) vests courts with independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." 2020 WL 1676219 at *2 (reaching this conclusion after a careful review of the relevant provisions and recent case law).

This Court found that these analyses are persuasive and therefore adopted the same conclusions. *See United States v. Lazarte*, No. GJH-16-296, 2020 WL 3791977, at *3 (D. Md. July 7, 2020). Accordingly, the Court's consideration of sentence reduction motions follows the three steps established by § 3582(c)(1)(A) as modified by the First Step Act. First, assuming the defendant has exhausted administrative remedies, the Court considers whether a reduction is

---

[2] The Program Statement, issued January 17, 2019, is available at
https://www.bop.gov/policy/progstat/5050_050_EN.pdf (last visited April 26, 2021).

warranted for extraordinary and compelling reasons, the meaning of which is a matter of the Court's "independent discretion." *Decator*, 2020 WL 1676219, at *2.

Next, the Court assesses whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement remains § 1B1.13, despite its partial nullification as a result of the First Step Act. Accordingly, pursuant to the Policy Statement, the Court must find that "[e]xtraordinary and compelling reasons warrant the reduction;"[3] that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and that "[t]he reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. Finally, § 3582(c)(1)(A) provides that after considering the Policy Statement, the Court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable."

### B. Exhaustion of Administrative Remedies

As noted previously, § 3582(c)(1)(A) requires that a defendant seeking a modification of a term of imprisonment "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant filed two requests for compassionate release with the Warden, and both requests were denied. ECF Nos. 58-2, 58-3, 58-4, 58-5. Therefore, he has exhausted his administrative rights.

---

[3] A provision of the Policy Statement not at issue here, § 1B1.13(1)(B), provides an alternative to finding extraordinary and compelling reasons under § 1B1.13(1)(A) for Defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c).

### C. Extraordinary and Compelling Reasons

The Court next considers whether Mr. Washington has sufficiently demonstrated extraordinary and compelling reasons warranting a reduction of his sentence. Most petitions seeking relief based on the ongoing pandemic have based their claim on an assertion that they have specific underlying medical conditions that make them more likely to have a poor outcome if they contract COVID-19. The website for the Center for Disease Control ("CDC") places certain underlying medical conditions into two categories; in the first category, an adult with the identified condition has an "increased risk of severe illness from the virus that causes COVID-19," and in the latter, an adult with the condition "*might be* at an increased risk for severe illness from the virus that causes COVID-19." *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (emphasis added). Here, Defendant does not even attempt to identify any specific underlying condition. Instead, he relies primarily on the increased likelihood that he will contract the virus because of an outbreak at his facility.[4] In this Court's view, that is not sufficient, as his situation is therefore no different than any prisoner at his facility and cannot be squared with the common-sense understanding of the words "extraordinary" or "compelling."

Thus, while all inmates have sadly borne an increased risk of contracting COVID-19 due to the very nature of incarceration, Mr. Washington's specific circumstances, as an

---

[4] In his supplemental filing, counsel indicates that Defendant did in fact contract COVID-19 but has not provided the Court with any further updates since that time. *See* ECF No. 63. If new facts emerge that warrant reconsideration, the Court will consider such a motion.

apparently healthy 44-year-old, do not provide extraordinary and compelling reasons warranting a sentence reduction.[5]

### III. CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A)(i), ECF Nos. 50, 58, is **DENIED**.


Date: <u>April 26, 2021</u>                                  __/s/_____
                                                                        GEORGE J. HAZEL
                                                                        United States District Judge

---

[5] Because Defendant has not established that extraordinary and compelling circumstances justify release, the Court need not evaluate the remaining considerations.